# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| MARTIN LASKY, M.D., et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 32), and Plaintiff's Objection to the Magistrate's Report and Recommendation (Doc. 37). Magistrate Judge Smyser recommends that the Court deny Plaintiff's request for a temporary restraining order ("TRO"). For the reasons set forth below, the Court will adopt the Report and Recommendation, and the case will be recommitted to Magistrate Judge Smyser for further pre-trial proceedings.

## **BACKGROUND**

Magistrate Judge Smyser's Report and Recommendation contains a full and complete recitation of the facts concerning the instant matter. (Doc. 32) Consequently, the Court will briefly set forth those facts salient to the resolution of Plaintiff's objection to the Report and Recommendation. On April 18, 2005, Plaintiff filed a TRO requesting that Defendants refer him to an ear, nose and throat ("ENT") specialist and that Defendant Newfield be restrained from processing any of Plaintiff's sick call slips. (Doc. 10.) On June 2, 2005, Plaintiff added that Defendant Young also be restrained from processing his sick call slips. (Doc. 21.) In his Amended Complaint, among others, Plaintiff claims that Defendants have violated his

Eighth Amendment right.  (Doc. 13 at ¶ 30.)

Magistrate Judge Smyser recommends that Plaintiff's request for a TRO be denied. According to the Magistrate Judge, Plaintiff has failed to submit evidence sufficient enough for the court to reasonably conclude that Defendants are deliberately indifferent to the Plaintiff's medical needs or that they are motivated by non-medical factors. (Doc.32-1 at 20.) Thus, Magistrate Judge opines that Plaintiff does not have a reasonable probability of success on the merits of his claim.  (*Id.*)

Plaintiff filed a timely objection.  In his objection, Plaintiff asks the Court to reconsider Magistrate Judge Smyser's recommendation because he argues that he has alleged allegations that he has a reasonable chance of success. (Doc.38.)  He submitted three additional declarations stating that he could not find blood results in his medical records (Doc.42) and that his requests to see a doctor other than Defendant Young were denied (Docs.43, 47).  The matter is fully briefed and now ripe for disposition.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Plaintiff states that, among a number of other illnesses, he suffers from symptoms indicative of aneurysm. (Doc. 11 at 1.) Plaintiff alleges that from March 11, 2005 to the date he filed his motion for a TRO, he has been denied a doctor. (*Id*.) Plaintiff has since submitted additional declarations stating that he is still sick. (Docs. 21, 22, 42, 43, 47.) In his request for a TRO, Plaintiff asks the Court to order the Defendants to refer him to an ENT specialist and that Defendants Newfield and Young both be restrained from processing any of Plaintiff's sick call slips.

Magistrate Judge Smyser recommends that the TRO not be granted as Plaintiff has failed to demonstrate that the Defendants acted with deliberate indifference to his medical needs. The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Crissman v. Dover Downs Entm't Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

The standard for a temporary restraining order is essentially the same. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Magistrate Judge Smyser determined that Plaintiff did not show a probability of success on the merits necessary to grant a TRO. Plaintiff objects to that portion of the Magistrate Judge's Report. I agree with Magistrate Judge Smyser's reasoning, and will adopt it now.

In order for Plaintiff to establish an Eighth Amendment medical claim, he must establish that the Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976). Medical malpractice does not rise to the level of constitutional violation under the Eighth Amendment. *White v. Napoleon,* 897 F.2d 103, 109 (3d Cir. 1980). Only "unnecessary and wanton infliction of pain" or a "deliberate indifference to the serious medical needs" of prisoners are "sufficiently egregious to rise to the level of a constitutional violation." *Id.* (quoting *Estelle,* 429 U.S. at 103.)

The Third Circuit Court of Appeals has found "deliberate indifference" in instances where the prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)).

In this case, the Magistrate Judge states that according to Defendant Newfield, the primary physician's assistant assigned to conduct sick calls, there is no medical evidence or basis for the conclusion that the Plaintiff has cancer of the larynx, aneurysm or temporal arthritis. (Doc.32-1 at 18.) He also states that Defendant Newfield also submitted that there

is no medical basis to refer the Plaintiff for an examination by an ENT specialist. (*Id.* at 18-19.) Magistrate Judge also notes that Defendant Newfield stated that Plaintiff has received and continues to receive appropriate medical care for all existing medical conditions subject to his willingness to accept treatment. (*Id.*) In support of these statements, Defendant Newfield submitted an affidavit detailing sick calls in 2005 on January 3, 5, 12, 24; February 20; March 7, 11, 14, 15, 16, 17, 21-24, 29; and April 5, 12, 13. (Doc.19-3.) The details of these visits are also outline by the Magistrate Judge in his Report. (Doc. 32-1 at 12-18.) During these sick calls, Plaintiff was seen by Defendants Newfield, Young and Barbacci. He was also seen by an orthopaedic physician and Dr. Romeo.

"While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990). In this case, the medical professionals who treated Plaintiff determined that there was no medical reason to refer Plaintiff to an ENT specialist. Plaintiff's objection, based primarily on the fact that he disagrees with Defendant Newfield and the rest of the Defendants, is insufficient to establish an Eighth Amendment violation. The courts will generally defer to the sound professional judgment of the medical staff and will refuse to second guess the propriety or adequacy of a medical treatment. *Little v. Lycoming County,* 912 F. Supp. 809, 815 (M. D. Pa. 1996). Hence, the Court agrees with the Magistrate Judge that mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *See Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987); *see also White,* 897 F.2d at 110.

After reviewing the Report and Recommendation under the applicable deferential standard, I find no plain error or manifest injustice in the Magistrate Judge's findings. *See Garcia v. INS*, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990).  The Court agrees that Plaintiff does not have a reasonable probability of success on the merits of his claim. Therefore, Plaintiff's objection will be overruled and Magistrate Judge Smyser's report will be adopted.

## CONCLUSION

After consideration of Judge Smyser's Report and Recommendation, the Court will adopt the Report and Recommendation.  An appropriate Order follows.

 July 24, 1006                                                                          /s/ A. Richard Caputo
Date                                                                                         A. Richard Caputo
                                                                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| MARTIN LASKY, M.D., et al., | |
| Defendants. | |

**ORDER**

**NOW**, this 24th day of July, 2006, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 32) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objection to Magistrate's Report and Recommendation (Doc. 37) is **OVERRULED**.

(2) The Report and Recommendation (Doc. 32) is **ADOPTED**.

(3) The case is recommitted to the Magistrate Judge for further pre-trial proceedings.

　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge