**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

    Plaintiff,

       v.

DOCTOR YOUNG, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-0514

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 59). Plaintiff seeks reconsideration of the Court's July 24, 2006 Memorandum and Order adopting Magistrate Judge J. Andrew Smyser's Report and Recommendation to deny Plaintiff's request for a temporary restraining order and overruling Plaintiff's objections thereto.

The purpose of a motion for reconsideration is to correct manifest error of law or fact, or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Litigants should not use a motion for reconsideration to reargue matters already argued and disposed of by prior rulings or to put forth additional arguments that the litigant neglected to make prior to judgment. *See Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992). In deference to the strong interest in the finality of judgments, courts

should grant motions for reconsideration sparingly. *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant matter, it is clear to the Court that Plaintiff is seeking to reargue those issues decided by the Magistrate Judge's Report and Recommendation and the Court's Memorandum and Order adopting the Report and Recommendation.  Petitioner failed to point to any intervening change in law, newly available evidence, clear error of law or fact committed by the Court, or resulting manifest injustice.  Therefore, the Court will deny Plaintiff's motion.

An appropriate Order follows.


Date: <u>September 8, 2006</u>               /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

     Plaintiff

        v.

DOCTOR YOUNG, ET AL.,

     Defendants.

NO. 3:05-CV-0514

(JUDGE CAPUTO)

## ORDER

**NOW**, this 8th  day of September, 2006, **IT IS HEREBY ORDERED** that Plaintiff,

Purcell Bronson's Motion for Reconsideration (Doc. 59) is **DENIED.**

                    /s/ A. Richard Caputo
                    A. Richard Caputo
                    United States District Judge