**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

     Plaintiff,

        v.

MARTIN LASKY, D.O.; WILLIAM
YOUNG, M.D.; P.A. NEWFIELD, et al.,

     Defendants.

NO. 3:05-CV-0514

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

**MEMORANDUM**

Presently before the Court is Plaintiff Purcell Bronson's motion for reconsideration (Doc. 157) of the Court's December 18, 2007 Order (Doc. 156) granting Defendants' motion to strike Plaintiff's brief in opposition (Doc. 147), affidavit in opposition (Doc. 148), and plaintiff's response to the statement of facts (Doc. 149).   For the reasons stated below, the Plaintiff's motion to reconsider will be denied.

**BACKGROUND**

On May 30, 2007, Defendants Lasky, Young, and Newfield filed a motion for summary judgment (Doc. 102), along with a supporting brief and materials.  (Docs. 109, 110.)  Plaintiff then requested a motion for extension of time to file a brief in opposition to Defendants' motion for summary judgment.  (Doc. 112.)  On June 19, 2007, Magistrate Judge J. Andrew Smyser dismissed Plaintiff's request for an enlargement of time to oppose the summary judgment motion as moot, as Plaintiff had filed a brief in opposition to summary judgment.  (Doc. 116.)

On July 20, 2007, Magistrate Judge Smyser issued an Order addressing several outstanding issues in the case.  (Doc. 130.)  First, the Order denied Plaintiff's motion to reopen and/or enlarge the discovery period.  (Doc. 130.)  Second, upon further review of the opposition brief, Magistrate Judge Smyser reconsidered the June 19th Order, and noted that the summary judgment brief filed by the Plaintiff was filed in opposition to a different set of defendants, and not Lasky, Young, and Newfield.  (Doc. 130.)  Therefore, Judge Smyser ordered the Plaintiff to file a response to  Defendants Lasky, Young, and Newfield's statement of facts and brief, and to provide any summary judgment evidence in opposition by August 9, 2007.  (Doc. 130.)  Plaintiff filed objections and a brief in support of his objections to Magistrate Judge's Smyser's July 20th Order on August 3, 2007.  (Docs. 131, 132.)  However, Plaintiff failed to file a brief, statement of facts, or other documentation in opposition to the summary judgment motion.

Magistrate Judge Smyser discussed the filing of Plaintiff's "Objections" in a footnote in the Report and Recommendation, and noted that such a document could possibly be construed as an appeal, but was not filed in accordance with the local rules. (Doc. 134 at 11 n.1.)

On September 18, 2007, Magistrate Judge Smyser issued his Report and Recommendation, recommending that the Defendants' motion for summary judgment be granted in part and denied in part.  (Doc. 134.)  In this Report and Recommendation, Judge Smyser noted that the Plaintiff failed to file any documentation in opposition to the Defendants' summary judgment motion.  (Doc. 134.)

On September 27, 2007, Defendants Lasky, Young and Newfield filed their Objections to the Report and Recommendation.  (Doc. 140.)  On October 22, 2007,

Plaintiff filed a document entitled "Reply," addressing Defendants' objections to the Report and Recommendation.  (Doc. 150.)  In his reply brief, Plaintiff argued that "Plaintiff has filed objections to the Magistrate Judge's Report and Recommendations of July 20, 2007 and thus is not required to file 'any response in opposition whatsoever to the motion for summary judgment of moving defendants, Lasky, Young and Newfield,' until such time as his objections are overruled."  (Doc. 150 at 1.)

On October 22, 2007, Plaintiff filed a brief in opposition to Defendants' motion for summary judgment, as well as an affidavit and counterstatement of material facts.  (Docs. 147, 148, 149.)  On November 21, 2007, Defendants Young, Newfield, and Lasky moved to strike these documents, as they were filed well outside of the time frame permitted by Judge Smyser's Order, and were filed after both the Report and Recommendation as well as the Objections to the Report and Recommendation.  (Doc. 151.)  On December 18, 2007, the Court granted Defendants' motion to strike, holding that the inclusion of these documents would be highly prejudicial to the Defendants at this time.  (Doc. 156.)

On January 2, 2008, Plaintiff filed a motion to reconsider the Court's December 18, 2007 Order.  (Doc. 157.)  The motion is fully briefed and ripe for discussion.

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to

correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."  *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiff makes three arguments in support of his motion for reconsideration of the Court's December 18, 2007 Order.  First, Plaintiff argues that the Court abused its discretion in striking the Plaintiff's documents.  Second, Plaintiff argues that the Court erred as a matter of law in striking Plaintiff's non-pleadings.  Finally, Plaintiff argues that

the Court abused its discretion in holding Plaintiff's filings to the stringent requirements for an attorney and to the technicalities of the Rules of Civil Procedure.  Essentially, Plaintiff's arguments are based upon the "need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café*, 176 F.3d at 677.

Plaintiff also lists several reasons for his late filings.  First, he states that the lateness can be attributed to the obstruction of his access to legal materials by property officer Huber.  With regard to this reason, the Plaintiff notes the ongoing litigation on this point in *Bronson v. Houdeshell*, Civ A. No. 3:05-CV-2357 (M.D. Pa.).  Plaintiff also argues that he was under the mistaken belief that he did not have to file a response to the Defendants' summary judgment motion until his discovery appeal was ruled on. Furthermore, Plaintiff argues that he should not be held to the stringent requirements of an attorney as a *pro se* plaintiff.  He also argues that the federal courts have adopted Pennsylvania's "fairness" standard, which he asserts is applicable to this case.

The Court recognizes that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, Magistrate Judge Smyser's July 20th Order, by its terms, specifically directed Plaintiff to file an opposition to Defendants' summary judgment motion no later than August 9, 2007.  The Court was clear in this instruction. As noted in the Court's December 18, 2007 Order, Plaintiff made no motion requesting a further extension of time to file.  Nor did he address the order to file his opposition documents in his "Objections" to the Magistrate Judge's order.  Although he alleges in his motion that he was obstructed from the use of legal materials, he also asserts that he mistakenly believed that he did not have to file a response to the summary judgment motion.  These

5

reasons do not excuse Plaintiff's late filings.  Plaintiff filed his response to the summary judgment motion more than five (5) months after the filing by the moving party, and almost three (3) months after the August 9, 2007 extended deadline set by the Court, and almost one (1) month after the filing of the Court's Report and Recommendations as to the disposition of the summary judgment motion.

Furthermore, Plaintiff made no previous argument that he had been denied access to legal materials.  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."  *Hill,* 2006 WL 529044, at *2.  Such an argument existed at the time of the motion to strike, but Plaintiff failed to argue that he did not have access to the law library.  A motion for reconsideration is not a proper vehicle to raise this new argument that should have been raised in the Plaintiff's opposition to the motion to strike.

The Plaintiff bases much of his argument upon the notion that "fairness" requires his motion for reconsideration to be granted.  However,  the interest of fairness rests with the Defendants.  The inclusion of these documents would be prejudicial to the Defendants due to their excessively late filing.  Plaintiff was specifically advised that he was required to file his response to the summary judgment motion in the July 20, 2007 Order.  The Court can find no "need to correct a clear error of law or fact or to prevent manifest injustice" that would require the granting of Plaintiff's motion for reconsideration. *Max's Seafood Café*, 176 F.3d at 677.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for reconsideration of the Court's

December 18, 2007 Order will be denied.

An appropriate Order follows.


February 12, 2008                              /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

      Plaintiff,

      v.

MARTIN LASKY, D.O.; WILLIAM
YOUNG, M.D.; P.A. NEWFIELD, et al.,

      Defendants.

NO. 3:05-CV-0514

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

    **NOW**, this   12th   day of February, 2008, Plaintiff's motion to reconsider (Doc. 157) the Court's December 18, 2007 Order is **DENIED**.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge