IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| DR. YOUNG; DR. LASKY; P.A. NEWFIELD; D. KELCHNER; I. TAGGART; and S. BURKS, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 134), and Defendants' Objections to the September 18, 2007 Report and Recommendation. (Docs. 137, 140.)  The Magistrate Judge recommended that the Court grant in part and deny in part Defendants' motion for summary judgment. (Doc. 134.)  For the reasons set forth below, Defendants' Objections to the Magistrate Judge's Report and Recommendation will be granted in part and overruled in part, and the Court will adopt in part and reject in part the Report and Recommendation, and grant in part and deny in part Defendants' motion for summary judgment.

**BACKGROUND**

The Plaintiff, Purcell Bronson, was a prisoner confined in the Special Management Unit ("SMU") at the State Correctional Institute at Camp Hill ("SCI-Camp Hill") from June 23, 2004 until October 13, 2006.  (Corrections Defs.' Statement of Material Facts in

1

Supp. of Mot. for Summ. J., ¶ 1, Doc. 89; Defs.' Lasky, Newfield and Young's Statement of Material Facts in Supp. of Mot. for Summ. J., ¶ 3, Doc. 110.)[1]  During the relevant period, Defendant Burks was employed by the Department of Corrections at the Department's Central Office as Chief Grievance Officer.  (Doc. 89 ¶ 2.)  Defendants Kelchner and Taggart were employees of the Department of Corrections at SCI-Camp Hill.  (*Id.* at ¶ 3.)  Kelchner worked as the Superintendent of SCI-Camp Hill, and Taggart is the Assistant to the Superintendent.  (*Id.*)  Defendant Newfield was the primary physician's assisted assigned to sick call at the SMU.  (Defs. Laskey, Young, and Newfield's Statement of Material Facts in Supp. of Mot. for Summ. J., ¶ 73, Doc. 110.)  Defendant Young was the physician assigned to see inmates in the SMU.  *Id.*

Plaintiff Purcell Bronson believes that he has throat cancer.  (Doc. 89 ¶ 5.)  However, he has not been diagnosed with throat cancer by a doctor at this time.  (*Id.*; Pl.'s Response to Corrections Defs.' Statement of Material Facts, ¶ 5, Doc. 115.)  Plaintiff has been treated for various medical complaints by the medical personnel at SCI-Camp Hill.  (Doc. 110 ¶ 18.)  Plaintiff's complaints to the medical staff have included requests for medications and the change of dosage, including prescriptions for Prednisone, Elvavil, Motrin, Metamucil, and Naprosyn; a sore throat not helped by a water gargle; surgery on a previously sprained and/or partially torn ACL; arthritis pain; dry cough and stuffy nose;

---

[1]  Plaintiff submitted an opposition brief and response to the statement of facts submitted by Defendants Burks, Klechner, and Taggart.  However, Plaintiff failed to timely submit opposing documentation to Defendants Young, Lasky, and Newfield.  *See* Court's Order of December 12, 2007.  The Court will cite to Defendants' Statements of Material Facts unless disputed.  According to Local Rule 56.1, the Statement of Material Facts of Defendants Young, Laksey, and Newfield will be deemed admitted, as the Plaintiff failed to controvert this statement.

allergies and sinus infections; swollen glands; "hard BM's"; a pulled hamstring; chapped lips; shoulder pain; bleeding in the nose; knee pain; swollen ankles; rashes; curvature of the spine; dry throat; difficulty swallowing; hemorrhoids; jock itch; orthopaedic-related complaints; head cold; swollen arteries in his temple; bilateral aneurysms; ringing in the ears; pains in the neck; and pains around his belly. (*Id.* ¶¶ 19, 20, 21, 24, 25, 29, 32, 34, 37, 38, 41, 43, 44, 45, 46, 56, 57, 60, 61, 62, 67, 69, 70.)

Plaintiff sent request slips and inmate grievances to Defendant Kelchner regarding his medical treatment in the SMU. (Doc. 89 ¶ 4.) These papers concerned the treatment of his ears, nose, throat, and arthritis pain. (*Id.* ¶¶ 4, 28.) This slip was then passed on to Defendant Taggart for handling. (*Id.* ¶ 28) Plaintiff's contact with Defendant Taggart has been through request slips and grievances. (*Id.* ¶ 9.) As the Grievance Coordinator, Defendant Taggart records and processes inmate grievances. (*Id.*) According to Defendant Taggart, Plaintiff submitted a medical grievance on January 24, 2005, numbered 107968. (*Id.* ¶ 33.) In grievance No. 107968, Plaintiff named Defendants Young and Newfield, and Teresa Law, which was also denied based on a lack of required documentation. (*Id.* ¶ 11.) The appeal was denied by Defendant Kelchner. (*Id.* ¶ 33.) Similarly, Plaintiff submitted grievance No. 106429 against Teresa Law, which was denied. (*Id.* ¶ 10.) On February 7, 2005, Plaintiff submitted a grievance concerning alleged throat cancer and requests for consultation and tests. (*Id.* ¶ 34.) Plaintiff's grievance No. 111486, which was also denied based upon lack of documentation. (*Id.* ¶ 12.) This appeal was similarly denied by Defendant Kelchner. (*Id.* ¶ 34.) However, in his response to the Statement of Material Facts, Plaintiff disputes whether the

documentation was submitted.  (Doc. 115 ¶ 11.)   Grievance No. 114656 alleged deliberate indifference against Defendants Young and Newfield, which was denied based upon lack of documentation.  (Doc. 89 ¶ 13.)

Pursuant to Department Policy for the Inmate Grievance System, inmate grievances are processed by the Grievance Coordinator at the place the inmate is housed.  (*Id.* ¶ 17.)  If the inmate is dissatisfied with the response, he may appeal the matter to the Facility Manager or Superintendent.  (*Id.*)  Then, if the inmate is dissatisfied with the Superintendent's decision, the inmate may appeal to the Secretary's Office of Inmate Grievances and Appeals for final review.  (*Id.*)  The records of the Secretary's Office of Inmate Grievances and Appeals revealed that Plaintiff only attempted to appeal two grievances to final review based upon the lack of medical care at SCI-Camp Hill.  (*Id.* ¶ 19.)

Plaintiff, proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983 on March 14, 2005. (Doc. 1.)  On May 2, 2005, the Plaintiff filed an Amended Complaint. (Doc. 13.)  On April 11, 2007, and May 30, 2007, the Defendants filed motions for summary judgment.  (Docs. 87, 102.) On September 18, 2007 Magistrate Judge Smyser issued the present Report and Recommendation (Doc. 134), recommending that the Defendants' motions for summary judgment be granted in part and denied in part. Defendants filed their objections to the Report and Recommendation on September 26 and 27, 2007. (Docs. 137, 140.)  The summary judgment motions are ripe for disposition, as is the Report and Recommendation.

## LEGAL STANDARDS

### I.   Review of a Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### II.   Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable

substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See Hersh v. Allen Prods. Co.*, 789 F.3d 230, 232 (1986).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in

6

the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

### I. Failure to Exhaust Administrative Remedies

On September 18, 2006, the claim against Defendants Burks, Kelchner, and Taggart based on the processing of the Plaintiff's grievances was dismissed. (Doc. 63.) This dismissal was based on the failure to state a claim by the Plaintiff, as inmates do not have a constitutionally-protected right to a grievance procedure, and state grievance procedures do not confer substantive constitutional rights upon inmates. *See Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir. 1995).

All Defendants contend that they are now entitled to summary judgment because the Plaintiff failed to exhaust his administrative remedies. Defendants argue that as the claim based upon the processing of Plaintiff's grievances was dismissed, the Defendants should be granted summary judgment based upon Plaintiff's failure to exhaust. In opposition, the Plaintiff states in his declaration that he was placed on grievance restriction and that his attempts to use the grievance system were sabotaged. (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J., Doc. 114, ¶¶ 1-6.) Magistrate Judge Smyser held that there was a material factual dispute as to whether the administrative remedy process was available to the Plaintiff.

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust his administrative remedies prior to filing a federal lawsuit. 42 U.S.C. § 1997(e)(a). In *Barndt v. Pucci*, 3:05-CV-2666, 2007 WL 1031509, at *2 (M.D. Pa. Mar. 30, 2007), the district court held that prisoners are only required to exhaust administrative remedies which are available to them. Therefore, "'[a] grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it.'" *Id.* (quoting *Alden v. Smith*, 3:CV-05-1735, 2005 WL 776878, at *7 (M.D. Pa. Mar. 12, 2007)). In *Barndt*, the court held that the "[p]laintiff's declaration that prison corrections officers thwarted his access to the administrative remedy process suffices to create a genuine issue of material fact" regarding the availability of administrative remedies. *Id.* at *3.

Although the Court has dismissed the Plaintiff's claim based upon the Defendants' alleged failure to process his grievances, this dismissal does not warrant a grant of summary judgment for the Defendants on the issue of exhaustion. There are material issues of fact regarding whether the Plaintiff's access to the administrative remedy process was thwarted by the Defendants. Therefore, the Court will deny Defendants' motion for summary judgment on these grounds, and adopt Magistrate Judge Smyser's recommendation on the issue.

**II.     Eighth Amendment Claims**

The Supreme Court has held that the government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For Plaintiff to establish an Eighth Amendment violation, he must

8

establish that the Defendants acted with deliberate indifference to his serious medical needs. *Id.*

### A. Deliberate Indifference

In order to establish an Eighth Amendment violation, the Plaintiff must first demonstrate evidence that the Defendants acted with deliberate indifference. Deliberate indifference may be manifested by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Mere negligence does not violate the Eighth Amendment. *Id.* at 106. Even an act constituting medical malpractice may be insufficient to establish an Eighth Amendment violation. *Id.* If the prison medical staff relating to the exercise of professional judgment, even if they constitute medical malpractice, are not necessarily violative of the Eighth Amendment. *Id.* at 107.

"[M]ere disagreement as to the proper medical treatment" is likewise insufficient to establish an Eighth Amendment violation. *Monmouth County Corr. Instit. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Rather, grossly negligent behavior constitutes deliberate indifference, as can a doctor's choice for "'an easier and less efficacious treatment' of the inmate's condition." *Id*. at 347 (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)). The Third Circuit Court of Appeals specifically found deliberate indifference to exist when: (1) a prison official knows of the prisoner's need for treatment but intentionally refuses to provide it; (2) the prison official delays necessary medical treatment for non-medical reasons; or (3) the prison official prevents a prisoner from receiving needed or recommended treatment.

*Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted).

In this case, the Plaintiff failed to present evidence that any of the Defendants were deliberately indifferent to his needs. Rather, Plaintiff disagrees with the treatment he has been given. (Am. Compl., Doc. 13.) Although the Plaintiff disagrees with his treatment and diagnosis, Plaintiff made no showing that the diagnosis and treatment was incorrect or improperly administered. Plaintiff received medical treatment in the form of sick calls, and was administered tests and medication as deemed appropriate. (Doc. 110 ¶¶ 18-74.) As mere disagreement is insufficient to establish an Eighth Amendment violation, the Plaintiff has failed to demonstrate deliberate indifference.

Furthermore, Plaintiff also failed to establish the liability of the non-medical personnel, Defendants Burks, Kelchner, and Taggart. Non-medical personnel cannot be held to be deliberately indifferently merely because they fail to respond to the complaints of an inmate who is already being treated by prison medical staff. *Gusman v. Bureau of Prisons*, 231 Fed. App'x 179, 181 n.1 (3d Cir. 2007) (non-precedential). But, non-medical prison officials can be charged with deliberate indifference to a serious medical need by a prisoner being treated by medical personnel if there is "'reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *James v. Pennsylvania Dep't of Corr.*, 230 Fed. App'x 195, 198 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Once a prison grievance examiner becomes aware of the treatment, the Eighth Amendment only requires that the official "'review[ ] . . . [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 655

10

(7th Cir. 2005) (citing *Spruill*, 372 F.3d at 236)).  Therefore, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing the prisoner is in capable hands."  *Spruill*, 372 F.2d at 236.

Defendants Burks, Kelchner, and Taggart had no reason to believe that the medical personnel in SCI-Camp Hill was mistreating the Plaintiff.  The Plaintiff continued receiving treatment in this case.  Although it was not the treatment that he personally preferred, this does not create liability on the part of Defendants Burks, Kelchner, and Taggart.

B.     Serious Medical Needs

To qualify as a serious medical need, the condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).  The condition must also be one that has been diagnosed by a doctor as requiring treatment, or one that is so obvious that a lay person would easily recognize the need for a doctor's attention.  *Id.*

In this case, the medical personnel were Defendants Lasky, Newfield, and Young.  None of these Defendants diagnosed Plaintiff with a condition requiring treatment.  Nor has Plaintiff demonstrated that these Defendants misdiagnosed the Plaintiff.  The alleged untreated conditions complained of by the Plaintiff included laryngeal cancer and untreated pain. (Am. Compl. ¶¶ 2-3, 7-10, 19-22, Doc. 13.)  The conditions complained of are not such that a lay person would recognize the need for a doctor's attention.  In any case, the Plaintiff did receive medical treatment, even though he was not prescribed the diagnosis and medication that he felt was necessary. (Defs. Lasky, Young, and

11

Newfield's Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. ¶¶ 18-74, Doc. 110.)  Therefore, Plaintiff has failed to demonstrate that he suffered from a serious medical need.

For these reasons, summary judgment on the Eighth Amendment claim against Defendants Burks, Kelchner, Taggart, Young, Lasky, and Newfield will be granted, and the Court will adopt Magistrate Judge Smyser's recommendation on this claim.

### III.     Other Claims

Magistrate Judge Smyser recommended that the remaining claims be placed on the list for trial, as the Defendants failed to address them in their brief.  These claims will be addressed in turn.

#### A.     Pennsylvania Constitution, Art. I, Sec. 13

Plaintiff also asserts a state constitutional claim against Defendants Burks, Kelchner, Taggart, Young, Lasky, and Newfield pursuant to Article I, Section 13 of the Pennsylvania Constitution.  The Pennsylvania Constitution holds that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."  PA. CONST. art. I, § 13.  The deliberate indifference test of the Eighth Amendment is applicable to claims under Article I, Section 13 of the Pennsylvania Constitution.  *See Wolfe v. Horn*, 130 F. Supp. 2d 648, 653 n. 9 (E.D. Pa. 2001); *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Commw. 1999).  The Supreme Court of Pennsylvania has held that "[t]he guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protections than that afforded under the Eighth Amendment to the United States Constitution."  *Jochen*, 727 A.2d at 649 (citing

*Commonwealth v. Spells*, 612 A.2d 458 (Pa. Super. Ct. 1992)).

Although the Defendants did not directly address the Pennsylvania Constitution, the Defendants did address the requirements of deliberate indifference to a serious medical need.  As the Pennsylvania Constitution offers no greater protection than the Eighth Amendment, the Court will grant Defendants' summary judgment motion on the Article I, Section 13 Pennsylvania Constitution claim.

B.     Racial Discrimination

Plaintiff also asserts a claim of racial discrimination against Defendants Burks, Kelchner, Taggart, Young, Lasky, and Newfield.  Although the Defendants did not address this claim in their summary judgment motion, they request that Magistrate Judge Smyser's recommendation be rejected, and that summary judgment be granted on this claim.

"Under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), where a District Court reviews a Magistrate Judge's report and recommendation regarding a dispositive motion, the Court has the discretion whether to consider additional evidence not presented to the Magistrate Judge."  *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 70-71 (3d Cir. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980)).  However, a Court may also ignore newly proffered evidence if it is untimely, and the Court has not been provided with a reason why it did not present it before the Magistrate Judge.  *Id.* at 71.

In this case, Defendants have not provided a reason as to why they did not present their arguments regarding the racial discrimination claim to the Magistrate Judge. Therefore, the Court will decline to hear these new arguments at this time, and will adopt

Magistrate Judge Smyser's Report and Recommendation.

### C. First Amendment Retaliation

Plaintiff further asserts a claim of First Amendment retaliation against Defendants Lasky, Young, and Newfield. Again, although the Defendants did not address this claim in their summary judgment motion, they request that Magistrate Judge Smyser's recommendation be rejected, and that summary judgment be granted on this claim. Defendants have failed to provide an explanation as to why they did not present these arguments before the Magistrate Judge. Therefore, the Court will decline to hear these new arguments, and will adopt Magistrate Judge Smyser's Report and Recommendation.

### D. State Claim for Negligence

Magistrate Judge Smyser recommended that a state law claim for negligence against Defendants Lasky, Young, and Newfield survive the summary judgment motion, as they failed to address the claim in their motions for summary judgment. It has long been held in this Commonwealth that to succeed on a negligence theory, four elements must be present: 1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; 2) failure by the actor to observe this standard; 3) causation between the conduct and injury; and 4) actual damages. *Tomko v. Marks*, 602 A.2d 890, 892 (Pa. Super. Ct. 1992) *(citing Casey v. Geiger*, 499 A.2d 606, 612 (Pa. Super Ct. 1985)).

Plaintiff's Amended Complaint alleges that the Defendants' conduct consisted of "negligent and intentional acts" in the treatment of the Plaintiff. (Am. Compl. ¶ 31, Doc. 13.) As averred in the Amended Complaint, however, the conduct that Defendant Lasky, Young, and Newfield are accused of was intentional, not negligent. Plaintiff states that

the Defendants acted "deliberately," "intentionally," "knowingly," "willfully," "with deliberate indifference," and "with intent to inflict retaliatory pain." (Am. Compl. ¶¶ 1, 2, 12, 14, 24-27, 29, Doc. 13.) Such language does not create a state negligence claim in the amended complaint. Consequently, Defendants' motion for summary judgment will be granted on the state negligence claim.

## CONCLUSION

For the reasons stated above, Magistrate Judge J. Andrew Smyser's Report and Recommendation will be adopted in part and rejected in part. Defendants' Objections will be granted in part and denied in part and the motions for summary judgment will likewise be granted in part and denied in part.

An appropriate Order follows.

| | |
|---|---|
| February 13, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
| Petitioner, | NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| DR. YOUNG; DR. LASKY; P.A. NEWFIELD; D. KELCHNER; I. TAGGART; and S. BURKS, | (MAGISTRATE JUDGE SMYSER) |
| Respondents. | |

**ORDER**

**NOW**, this  13th  day of February, 2008, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 134), **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. 134) is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Defendants' motions for summary judgment (Docs. 87, 102) are **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendants' motion for summary judgment on failure to exhaust is **DENIED**.

    b. Defendants' motion for summary judgment on the Eight Amendment claim is **GRANTED**.

    c. Defendants' motion for summary judgment on the Pennsylvania Constitution, Article I, Section 13 claim is **GRANTED**.

    d. Defendants' motion for summary judgment on the Pennsylvania state negligence claim is **GRANTED**.

    e. Defendants' motion for summary judgment claim on the racial discrimination claim is **DENIED**.

     f.     Defendants' motion for summary judgment claim on the First Amendment retaliation claim is **DENIED**.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge