IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| MARTIN LASKY, D.O.; WILLIAM YOUNG, M.D.; P.A. NEWFIELD, et al., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendants' motions for reconsideration (Doc. 166, 168) of the Court's February 14, 2008 Order (Doc. 165), granting in part and denying in part Defendants' motions for summary judgment. (Docs. 87, 102.)  For the reasons stated below, the Defendants' motions to reconsider will be denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 ("federal question").

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's February 14, 2008 Memorandum and Order (Doc. 165), and therefore is not required to be repeated in its entirety.  Only the relevant facts will be discussed here.

Plaintiff, proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983 on March 14, 2005. (Doc. 1.)  On May 2, 2005, the Plaintiff filed an Amended Complaint.

1

(Doc. 13.)  On April 11, 2007, and May 30, 2007, the Defendants filed motions for summary judgment.  (Docs. 87, 102.) On September 18, 2007 Magistrate Judge Smyser issued a Report and Recommendation (Doc. 134), recommending that the Defendants' motions for summary judgment be granted in part and denied in part.  Defendants filed their objections to the Report and Recommendation on September 26 and 27, 2007. (Docs. 137, 140.)  The Court adopted in part and rejected in part Judge Smyser's Report and Recommendation on February 14, 2008, granting in part and denying in part the Defendants' motion for summary judgment.  (Doc. 165.)  Two (2) counts remain in this case - one count based upon racial discrimination and one count based upon First Amendment retaliation.

Defendants filed the present motions for reconsideration of the February 14, 2008 Order on February 25, 2008 and February 28, 2008, requesting that the Court reconsider the denial of their motion on the counts for racial discrimination and First Amendment retaliation.  (Docs. 166, 168.)  Plaintiff failed to respond to or oppose the motions.  The motions are ripe for discussion.

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or

amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

### I. Racial Discrimination

Plaintiff Bronson asserts a claim of racial discrimination against Defendants Burks, Kelchner, Taggert, Young, Lasky, and Newfield. The Defendants argue that it would be a manifest error of law and fact to permit the Plaintiff to go to trial on the racial discrimination claim. Defendants claim that there is no evidence that Plaintiff Bronson was denied blood tests because of his race.

In the Verification of Colleen Newfield, she states that Plaintiff Bronson requested a blood test for laryngeal cancer.  (V.S. of C. Newfield ¶ 14, May 24, 2005, Doc. 109 Ex. F.)  She states that she told Plaintiff Broson that no direct test for laryngeal cancer exists, and that there was no clinical evidence for more specific testing.  (*Id.*)  Ms. Newfield notes that Plaintiff Bronson alleges that he requested a complete physical with blood testing on March 11, 2005.  (*Id.* ¶ 19.)  However, Ms. Newfield states that he made no such request, and that the medical records reflect that no such request occurred.  (*Id.*)  However, the fact that the request is not reflected in the medical records is not dispositive of whether Plaintiff Bronson requested blood testing.  It is possible that Plaintiff Bronson requested testing, but that the request was not documented.  Such a question is a question of fact for the factfinder.

Plaintiff Bronson disputes whether diagnostic testing occurred.  (Doc. 114 ¶ 6.) Therefore, there is a question of fact as to whether Plaintiff Bronson requested blood testing and whether Plaintiff Bronson received necessary blood testing.  If Plaintiff Bronson was denied blood testing, there is also a question of fact as to whether the denial of blood testing was due to racial discrimination.

There is no clear error of fact or law, and the granting of the motion would not prevent manifest injustice.  As there are questions of fact regarding Plaintiff's racial discrimination claim, Defendants' motion to reconsider based upon the racial discrimination claim will be denied.

**II.     First Amendment Retaliation**

Plaintiff has also alleged First Amendment retaliation by Defendants Newfield,

4

Lasky, and Young.  These Defendants argue that their motion for reconsideration should be granted in order to prevent manifest injustice.  Defendants state that the Court should grant their motion because Plaintiff Bronson's claim for First Amendment retaliation is meritless.  Defendants cite to *Davis v. Pennsylvania*, Civ. A. No. 06-4952, 2007 WL 788828 (E.D. Pa. Mar. 12, 2007) and *Barbee v. Se. Penn. Transp. Auth.*, Civ. A. No. 04-4063, 2006 WL 2077012 (E.D. Pa. July 24, 2006) for the proposition that the Court should permit the Defendants to address the issue of retaliation for the first time after the Magistrate Judge's Report and Recommendations.

"Under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), where a District Court reviews a Magistrate Judge's report and recommendation regarding a dispositive motion, the Court has the discretion whether to consider additional evidence not presented to the Magistrate Judge."  *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 70-71 (3d Cir. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980)).  A court may also ignore newly proffered evidence if it is untimely, and the Court has not been provided with a reason why it did not present it before the Magistrate Judge.  *Id.* at 71.  In this case, Defendants argue that they did not present the argument before the Magistrate Judge because the document was handwritten, four (4) pages long, with thirty-three (33) paragraphs, and was difficult to read.  The Court has the discretion to consider additional evidence, and in this case the Court did not exercise its discretion.  The failure to exercise discretion is not a clear error of law or fact, and would not result in manifest injustice.  Even so, there are conflicting facts as to whether Plaintiff Bronson was administered blood testing.  Defendants also argue that Plaintiff asserts no

5

evidence of a retaliatory motive by the Defendants in refusing him medical treatment. However, the testimony of Plaintiff Bronson in his deposition states that he believes he was retaliated against for filing lawsuits against them.  (Bronson Dep. 58:21-60:4, Jan. 19, 2007, Doc. 109 Ex. B.)  His testimony discusses a possible motivating factor. Therefore, there is a question of fact as to whether Defendants Lasky, Newfield, and Young retaliated against Plaintiff Bronson based upon his filing of a lawsuit against him.

For these reasons, there is no clear error of fact or law, and the granting of the motion would not prevent manifest injustice.  As there are questions of fact regarding Plaintiff's retaliation claim, Defendants' motion to reconsider based upon the retaliation claim will be denied.

## CONCLUSION

For the reasons stated above, Defendants' motions for reconsideration (Doc. 166, 168) of the Court's February 14, 2008 Order (Doc. 165) will be denied.

An appropriate Order follows.


June 3, 2008                               /s/ A. Richard Caputo
Date                                       A. Richard Caputo
                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | NO. 3:05-CV-0514 |
| v. | (JUDGE CAPUTO) |
| MARTIN LASKY, D.O.; WILLIAM YOUNG, M.D.; P.A. NEWFIELD, et al., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## **ORDER**

**NOW**, this  3rd  day of June, 2008, Defendants' motions to reconsider (Docs. 166, 168) the Court's February 14, 2008 Order are **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge