**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

    Plaintiff,

    v.

DR. YOUNG, et al.,

    Defendants.

CIVIL ACTION NO. 3:05-0514

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM ORDER

At the December 1, 2008 pretrial conference on the above-captioned action Plaintiff Purcell Bronson stated: (1) that he will not proceed on a claim of racial discrimination against Defendants Donald Kelchner, Ian Taggart, and Sharon Burks and (2) that he believes he has raised a claim for First Amendment retaliation against these same defendants which he should be permitted to raise at trial. Defendants Kelchner, Burks, and Taggart argue that Plaintiff did not allege retaliation claims against them in his Amended Complaint (Doc. 13) and, because Plaintiff will not proceed on racial discrimination claims against them, no claims against them remain. The Court agrees with Defendants Kelchner, Burks, and Taggart.

Plaintiff argued at pretrial conference that his Amended Complaint (Doc. 13) alleges Defendants Kelchner, Burks, and Taggart retaliated against him for filing a lawsuit against them by ignoring grievances Plaintiff filed against prison medical personnel who are also defendants in this case, Defendants Dr. William Young, Dr. Martin Lasky, and Colleen Newfield. In paragraphs twenty-five (25) and twenty-six (26) of his Amended Complaint, Plaintiff alleges that Defendants Kelchner, Burks, and Taggart were

"deliberately indifferent" with regard to his grievances against the medical personnel defendants, but makes no mention of retaliation or his filing a lawsuit against Kelchner, Burks, or Taggart. In contrast, Plaintiff makes several specific allegations of retaliation against Defendants Young, Lasky, and Newfield throughout the complaint. (Am. Compl. ¶¶ 2, 8, 12, 23, 27, Doc. 13.) Plaintiff makes no similar allegations against Defendants Kelchner, Burks, or Taggart.

In addition, the Court previously identified Plaintiff's remaining claims at the summary judgment stage and included no retaliation claim against Defendants Kelchner, Burks, and Taggart at that time. In his Report and Recommendation regarding Defendants' Motions for Summary Judgment, Magistrate Judge J. Andrew Smyser recommended that summary judgment be granted on Plaintiff's Eighth Amendment claims against all Defendants and further identified what he believed to be Plaintiffs remaining claims, which he recommended be scheduled for trial. *Bronson v. Young*, No. 3:05-cv-0514, 2007 U.S. Dist. LEXIS 96458, at *16-17 (M.D. Pa. Sept. 17, 2007) (Smyser, Mag. J.). These remaining claims included a retaliation claim against Defendants Young, Lasky, and Newfield, but no similar claim against Kelchner, Burks, or Taggart. *Id.* Plaintiff did not object to the Report and Recommendation on the basis that it failed to identify all of his remaining claims. In a February 14, 2008 Memorandum and Order, this Court addressed each of the remaining claims identified by the Magistrate Judge, granting summary judgment on some and adopting the recommendation to schedule others for trial, including the First Amendment retaliation claim against Defendants Young, Lasky, and Newfield. *Bronson v. Young*, No. 3:05-cv-0514, 2008 U.S. Dist. LEXIS 11030, at *17-21 (M.D. Pa. Feb. 14, 2008) (Caputo, J.). At that time,

the only claim remaining claim identified by the Court against Kelchner, Burks, or Taggart was a racial discrimination claim. *Id.* The Court did not identify or address a retaliation claim against these Defendants.

It is clear that neither the Magistrate Judge nor this Court previously considered Plaintiff's Amended Complaint to include a claim for retaliation against Defendants Kelchner, Burks, or Taggart. Further, the Court's view of the Amended Complaint remains unchanged; it simply does not allege retaliation against these three defendants.

Because Plaintiff did not allege a claim for First Amendment retaliation against Defendants Kelchner, Burks, or Taggart and in light of his stated intention not to proceed with a claim for racial discrimination against them, the Court agrees that there are no remaining claims against these Defendants.

NOW, this 2nd day of December, 2008, **IT IS HEREBY ORDERED THAT** Defendants Donald Kelchner, Ian Taggart, and Sharon Burks are **DISMISSED** from this action.

A. Richard Caputo
United States District Judge

3